FILED

APR 1 0 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA



FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 12-39835-C-7 |
| | ) Docket Control No. JRR-1 |
| BONNIEJEAN BUNN-RODEMANN, | ) |
| Debtor. | ) |

### MEMORANDUM OPINION AND DECISION

John Roberts, the Chapter 7 Trustee ("Trustee") has filed an objection to exemptions claimed by BonnieJean Bunn-Rodemann ("Debtor") in this Chapter 7 bankruptcy case. Jurisdiction for this Contested Matter exists pursuant to 28 U.S.C. §§ 1334 and 157(a), and the referral of bankruptcy cases and all related matters to the bankruptcy judges in this District. E.D. Cal. Gen Orders 182, 223. This Objection to Claim of Exemptions is a core matter arising under Title 11, including 11 U.S.C. §§ 522. 28 U.S.C. § 157(b)(2)(A), (B), and (O).

### INTRODUCTION

The Debtor has claimed an exemption with respect to rights and interests relating to real property commonly known as 1845 Hidden Hills Drive, Roseville, California (the "Property"). The Exemption claimed by the Debtor on Amended Schedule C, Dckt. 9, is stated as

1  follows:

2       TYPE OF PROPERTY: Any and all proceeds, revenues, or concessions conceded to or granted by the secured mortgage lender on the property at 1845 Hidden Hills Dr. Roseville, CA 95661 and or the debtor's intangible personal value contained in the possessory interest in the property. (Hereinafter "Property")

6       STATUTE CREATING EXEMPTION: CCCP § 703.140(b)(5)

7       VALUED CLAIMED EXEMPT: $11,764.00

8  The Trustee objects to this exemption, asserting that the asset being claimed as exempt did not exist as of the commencement of the case and will only exist if the Trustee markets and sells the Property post-petition. The monies, to be paid by the creditor from the sales proceeds subject to the creditor's lien, were not property of the Debtor or property in which an exemption can be claimed. Such monies paid to the estate are "carve-outs" from the creditor's sale proceeds, which are paid based upon the post-petition activities of the bankruptcy estate's representatives.

17  The Debtor responds, opposing the objection to her claim of exemption, asserting that the scope of 11 U.S.C. § 541 property of the bankruptcy estate is very broad. She is correct, with 11 U.S.C. § 541 sweeping up every conceivable right and interest of the Debtor as of the commencement, with specifically enumerated exceptions. However, notwithstanding these interests and rights being swept into the bankruptcy estate, 11 U.S.C. § 541 does not create rights. *State of California v. Farmers Markets, Inc. (In re Farmers Markets, Inc.)*, 792 F.2d 1400, 1402 (9th Cir. 1986).

26  It is asserted by the Debtor that she was in possession of the Property as of the commencement of the bankruptcy case, had the right to negotiate and attempt to conduct a sale (or short-sale) of

the Property, and the right to receive payment of any concessions or "incentive payments" a creditor would give her from that creditor's short-sale proceeds. The Debtor asserts that the pre-petition right to do this continues after the commencement of the case and that the Debtor's right to attempt to conduct a short-sale and receive the creditor's concessions may be claimed exempt as a necessary part of her post-discharge "fresh start."

## DISCUSSION

**Exemption of the Asset by the Debtor**

A debtor may claim an exemption in an asset which is property of the bankruptcy estate. The vast majority of exemptions under California Law (the applicable bankruptcy exemptions in California, Cal. Code Civ. Pro. § 703.140) are for monetary amounts in assets of the estate. Such assets continue to remain property of the estate until used, sold, or abandoned from the estate. *Schwab v. Reilly*, 130 S.Ct. 2652, 2667, 177 L. Ed. 2d 234 (2010); *Gebhart v. Gaughan (In re Gebhart)*, 621 F.3d 1206, 1210 (9th Cir. 2010).

The specific exemption claimed by the Debtor is provided in California Code of Civil Procedure 703.140(b)(1) and (5),

> (1) The debtor's aggregate interest, not to exceed twenty-four thousand sixty dollars ($24,060) in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence.
>
> . . .
>
> (5) The debtor's aggregate interest, not to exceed in value one thousand two hundred eighty dollars ($1,280) plus any unused amount of the exemption provided under paragraph (1), in any property.

The Debtor's exemption under California law in property of the estate is determined as of the bankruptcy case filing date. *Owen*

3

*v. Owen*, 500 U.S. 305, 314, 111 S. Ct. 1833, 1838, n. 6; *In re Wolf*, 248 B.R. 365, 367-368 (B.A.P. 9th Cir. 2000). A debtor does not have the ability to claim exemptions which did not exist as of the commencement of the case or post-petition increases in the value of the property in excess of the amount claimed as exempt. *In re Hyman*, 967 F.3d 1316, 1319, n. 2 (9th Cir. 1992). To be claimed as exempt the property must exist and become part of the bankruptcy estate. *Owen, supra* at 308.

The "asset" being asserted by this exemption is the Debtor's physical possession of her residence and her ability to control a short-sale of the Property. Attempting to claim an exemption in this type of asset is a relatively new phenomenon arising from creditors realizing that a short-sale of the property securing the debt (by which the creditor agrees to take less than the full amount owed) is better than the creditor completing a non-judicial foreclosure sale and the creditor becoming the owner of the property. Once the creditor becomes the owner, it has to take on the responsibility of being an owner, including, (1) evicting the borrower/former owner, (2) managing the property as an asset of the creditor, (3) paying insurance, property taxes, and utilities, (4) employing people or third-party vendors to secure, repair, and maintain the property while it is being marketed, and (5) engaging a real estate broker to sell the property.

Savvy borrowers and their counsel often extract not only reasonable moving expenses (in lieu of the creditor having to incur the cost and expense of an unlawful detainer action), but negotiate an "incentive payment" from the sales proceeds for the efforts of the borrower in working with a real estate broker and taking the

time to market the property for a short-sale. This is a basic economic calculation in which the creditor determines that the cost of the "incentive payment" is less than the cost of foreclosing, owning the property, and selling the property itself.

Recently, Chapter 7 trustees have begun working with creditors to conduct such short-sales of property of the bankruptcy estate. The trustee enters into an agreement with the creditor for a short-sale the property, rather than abandoning the overencumbered property to the debtor. If abandoned, the property would no longer be property of the estate, with the debtor having regained the right and ability to negotiate a short-sale with the creditor. The trustee who consummates a short-sale receives for the bankruptcy estate the "incentive payment" from the creditor's sale proceeds.

**Rights of the Estate Asserted by the Chapter 7 Trustee**

This Debtor has elected to file the present Chapter 7 case, rather than a Chapter 13 or Chapter 11 case. One of the immediate results of electing to file a Chapter 7 case is that all of the property of the estate is placed under the exclusive control of the Chapter 7 Trustee. The Chapter 7 Trustee is the representative of the bankruptcy estate. 11 U.S.C. § 323(a). He is the only person, absent an order of the court, authorized to collect, control, authorize the use of, liquidate, and disburse the property of the estate. 11 U.S.C. §§ 704(a), 721, 726.[1]

In filing the Chapter 7 case, the Debtor transferred the overencumbered Property to the estate, giving control to the

---

[1] This is contrasted to the provisions of 11 U.S.C. §§ 1107, 1203, and 1302 which allow the Chapter 11 or 12 debtor in possession and the Chapter 13 debtor to exercise the powers of a trustee over property of the estate.

5

Chapter 7 Trustee to administer this Property as part of the bankruptcy estate. The Debtor no longer has the right or power to conduct a short-sale, control, or use this property of the bankruptcy estate. The Debtor no longer has the ability to "sell her owner real estate services" to engage a broker to market and sell the Property to generate cash sales proceeds, which are encumbered by the creditor's lien.

The Chapter 7 Trustee has the right to sell the Property. The creditor may enter into a transaction with the Chapter 7 Trustee for the estate to employ a real estate broker, market the Property, and consummate a short-sale of the Property. The Chapter 7 Trustee may choose to undertake the responsibility for maintaining, insuring and protecting the Property pending any sale. It is the Chapter 7 Trustee's labor and estate's expense in working to sell property of the estate which is the subject of the "incentive payment."

This view of the Chapter 7 short-sale transaction is consistent with 11 U.S.C. § 506(c), which provides that a creditor's collateral shall be surcharged reasonable and necessary "costs and expenses of preserving, or disposing of, [property securing a claim] to the extent of any benefit to the holder of such claim,..." With the "incentive payment," the creditor and Chapter 7 Trustee monetize the benefit to the creditor for the estate retaining the property and incurring the cost and expense related to maintaining and selling the Property.

**The California Exemption is Limited to Involuntary Liens**

The Debtor's contention that this "incentive payment" may be claimed exempt also runs afoul the exemption laws of California —

the Debtor cannot claim an exemption in the value of the property subject to the creditor's consensual lien. Exemptions may be claimed only against involuntary liens, such as judgments, attachments, and execution liens.

> § 703.010. Application of exemptions
>
> Except as otherwise provided by statute:
>
> (a) The exemptions provided by this chapter or by any other statute apply to all procedures for enforcement of a money judgment.
>
> (b) The exemptions provided by this chapter or by any other statute do not apply if the judgment to be enforced is for the foreclosure of a mortgage, deed of trust, or other lien or encumbrance on the property other than a lien created pursuant to this division or pursuant to Title 6.5 (commencing with Section 481.010) (attachment).

Cal. Code Civ. Pro. 703.010. *See In re Pavich*, 191 B.R. 838, 847 (Bankr. E.D. Cal. 1996),

> The Bankruptcy Code provides uniform 'exemptions' which shield certain types of a debtor's property from the claims of creditors, helping the debtor to obtain a 'fresh start.' *See* 11 U.S.C. § 522(d). Exemption laws protect a debtor's property against the enforcement of certain 'nonconsensual' liens, such as money judgments or attachment liens. 2 CEB, Debt Collection Practice in California § 9.4 (1987); *see also* Cal. Code Civ. Proc. § 703.010.

To the extent that a creditor elects to pay a portion of the sales proceeds subject to its lien as an "incentive payment" for the bankruptcy estate to conduct a short-sale of this Property, such monies of the creditor are not assets in which the Debtor may claim an exemption.

The Debtor does not have, and cannot claim an exemption in, the rights and powers of the Chapter 7 Trustee to sell property of the estate and for the estate to receive "incentive payments" for the efforts of the estate's representatives (Chapter 7 Trustee and

estate employed real estate broker) in selling such Property. The creditor is free to pay a portion of the encumbered sales proceeds to whomever it chooses for conducting a short-sale.

**Relationship of Chapter 7 Debtor and Trustee Electing to Retain Overencumbered Property.**

If a trustee elects not to abandon overencumbered property of the estate, but retain it in an effort to obtain a short-sale "incentive payment," the debtor has several options. These include, without limitation, the following. A debtor is under no obligation to fund insurance, protect the property, maintain the property, or assist the trustee in selling the overencumbered property. That debtor may elect to move out of the property, turning physical possession, and the day-to-day maintenance and security obligations, over to the trustee.

In reality, these debtor-trustee issues concerning a short sale are steeped in the highest tradition of bankruptcy — what deal can be made that is in everyone's best interest. Most likely, a trustee wants a debtor to remain in physical possession, keeping the property insured and protected as an occupied home. The debtor would like to stay in possession, paying only the current insurance and maintenance costs, allowing the debtor to avoid paying rent for housing and delaying moving expenses during the first months of a Chapter 7 fresh start.

The creditor and trustee likely not only want the debtor to occupy the property, but to do so in a manner that will maximize the short-sale proceeds. This maximizes the ultimate sales price, which will likely maximize the estate's "incentive payment" for conducting a short sale. Additionally, the trustee and creditor

want a debtor to not only cooperate with the real estate broker for the estate and the marketing efforts, but to voluntarily move out of the property after the short-sale is completed so that the buyer can immediately take possession of the property.

While the no-rent incentive may balance paying the current insurance and maintenance expense, that may not be sufficient incentive for a debtor to cooperate with the trustee and creditor for the short-sale. A debtor may negotiate for a portion of the "incentive payment," including moving expenses. The rules for a debtor negotiating with the trustee for some of the "incentive payment" are the same that apply to the trustee negotiating the "incentive payment" for the estate from the creditor – how hard can a debtor squeeze for a "piece of the action" so that the trustee only squeals, but doesn't scream. If the debtor squeezes too hard and the trustee screams, it is likely that the trustee would exercise the trustee's right to possession of property of the estate and obtain an order from the Bankruptcy Court for the immediate turnover of the property from the debtor.[2]

**CONCLUSION**

The Objection to Claim of Exemption filed by the Chapter 7 Trustee is sustained. No interests or rights of the Debtor which are property of the estate exist which may be claimed as exempt. The Debtor retains her right to negotiate for her assistance as the Trustee attempts to sell the Property. If the Trustee abandons the Property to the Debtor, she may then negotiate directly with the

---

[2] Federal Rule of Bankruptcy Procedure 7001(a) permits a trustee to obtain the turnover of property from a debtor by motion rather than requiring an adversary proceeding or unlawful detainer lawsuit.

9

Creditor for a short-sale of the abandoned property. The Debtor cannot exempt (or appropriate) the sales proceeds encumbered by the creditor's lien or the monies due for the future work of the Chapter 7 Trustee.

The Debtor expressed concern that to the extent she is entitled to any moving expenses to be paid by the creditor pursuant to any statute or regulation, she was including those rights as part of the exemption. The court does not overrule the exemption to the extent that there is any statute or regulation which grants the right to the Debtor to receive moving expenses from the creditor's proceeds from the short-sale.

The court shall issue an order consistent with the Ruling. This Memorandum Opinion and Decision constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52 and Federal Rule of Bankruptcy Procedure 4003, 7052 and 9014.

Dated: April 10, 2013

RONALD H. SARGIS, Judge
United States Bankruptcy Court

**CERTIFICATE OF MAILING**

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that the attached document(s) was served by mail to the following entities listed at the address(es) shown below:

Service List:

BonnieJean Bunn-Rodemann
1845 Hidden Hills Dr.
Roseville, CA 95661

Stephen Johnson
13620 Lincoln Way #220
Auburn, CA 95603

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

John Roberts
PO Box 1506
Placerville, CA 95667

DATE: 4/10/13

_____
Deputy Clerk